UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, # 75206, | ) C/A No. 3:11-3403-TMC-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| The Federal Attorney General, | ) |
| Defendant. | ) |

This case is before the Court on a *pro se* Complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF No. 2). Plaintiff's Motion for Leave to Proceed *in forma pauperis* should be denied, and Plaintiff's Complaint should be dismissed *without prejudice* if he fails to timely pay the full filing fee because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act (PLRA), and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

> fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The "three strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full . Plaintiff, however, should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Lieber Correctional Institution of the South Carolina Department of Corrections. He filed this civil rights Complaint alleging that the "three strikes" provision of the Prison Litigation Reform Act (PLRA) is unconstitutional.

It can be judicially noticed that the plaintiff has filed three (3) prior frivolous cases in this court, которые have been deemed "strikes." The plaintiff's first "strike" was entered in *Paul Leslie Cox v. Geraldine P. Miro, Warden; M. V. Bodison, Associate Warden; and Mary Miller, Lieutenant*, Civil Action No. 3:97-1941-06BC.[2] On July 2, 1997, the undersigned recommended that the case be summarily dismissed and deemed a "strike." Plaintiff was apprised of his right to file timely written objections to the Report and Recommendation. Instead of filing objections to the Report and Recommendation, Plaintiff filed a Notice of Voluntary Dismissal on July 14, 1997. In an order filed in Civil Action No. 3:97-1941-06BC on September 10, 1997, the Honorable Charles E. Simons, Jr., Senior United States District Judge, denied the voluntary dismissal, dismissed the case *without*

---

[2]Civil Action No. 3:97-1941-06BC was assigned when the Office of the Clerk of Court was using a different convention for listing case numbers.

*prejudice*, and deemed the case to be a "strike." No appeal was filed in Civil Action No. 3:97-1941-06BC.

The pleadings filed in *Paul Leslie Cox v. Geraldine P. Miro*, Civil Action No. 3:97-2177-06BC, resulted in the plaintiff's second "strike." In a Report and Recommendation filed in Civil Action No. 3:97-2177-06BC on July 23, 1997, the undersigned recommended that the case be summarily dismissed and deemed to be a "strike." Plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed by Plaintiff. On September 10, 1997, Judge Simons adopted the Report and Recommendation and deemed the case to be a "strike." No appeal was filed in Civil Action No. 3:97-2177-06BC.

In a Report and Recommendation filed on November 13, 1997, in *Paul Leslie Cox v. Geraldine P. Miro; William D. Catoe; and L. J. Allen*, Civil Action No. 3:97-3501-06BC, the undersigned recommended summary dismissal of the case and that the case be deemed a "strike" under 28 U.S.C. § 1915(g). Plaintiff was apprised of his right to file timely written objections to the Report and Recommendation. Plaintiff filed objections to the Report and Recommendation. On November 25, 1997, Judge Simons adopted the Report and Recommendation and expressly deemed the case to be a "strike." On appeal (Fourth Circuit Docket No. 97-7829), the United States Court of Appeals for the Fourth Circuit dismissed the appeal pursuant to its Rule 45 on August 28, 1998. As of August 28, 1998, Plaintiff was "struck out" under the PLRA and his ability to proceed *in forma pauperis* has not been restored.

This Court may take judicial notice of the three civil actions in which "strikes" were entered. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the

most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.'") (quoting *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule.  *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998).  This Complaint does not fit within this exception to enable Plaintiff to proceed *in forma pauperis* because, as previously stated, Plaintiff does not allege that he is in imminent danger of serious physical injury from the alleged actions of  "The Federal Attorney General."  Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee.  <u>If Plaintiff timely pays the filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.</u>

Moreover, even if Plaintiff were not "struck out," the Complaint filed in this case fails to state a viable § 1983 claim or *Bivens* claim.[3]  The United States Court of Appeals for the Fourth

---

[3]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C.
(continued...)

Circuit has held that the "three strikes" provision of the Prison Litigation Reform Act is constitutional, even though it does *not* apply to cases filed prior to its enactment on April 26, 1996.[4] *See Altizer v. Deeds*, 191 F.3d 540 (4th Cir. 1999); *McLean v. United States*, 566 F.3d 391 (4th Cir. 2009);[5] *see also Jones v. Frontera*, No 2:08-CV-207, 2009 U.S. Dist. LEXIS 86949 and 2009 U.S. Dist. LEXIS 86894, 2009 WL 3066659 (W.D. Mich. Sept. 22, 2009) (collecting cases upholding constitutionality of the "three strikes" rule).

### *Recommendation*

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be **denied**. It is further recommended that Plaintiff be given twenty-one (21) days from the date the District Judge rules on this Report and Recommendation to pay the filing fee (currently $350), and *that the Office of the Clerk of Court withhold entry of judgment until such time expires*.

If Plaintiff fails to timely pay the $350 filing fee, it is further recommended that the Complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g), and

---

(...continued)
§ 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

[4] The *in forma pauperis* filing fee provisions of the Prison Litigation Reform Act do not apply to habeas corpus cases. *Smith v. Angelone*, 111 F.3d 1126, 1129-31 (4th Cir. 1997).

[5] The Supreme Court of the United States has not ruled on the constitutionality of the three strikes rule, 28 U.S.C. § 1915(g), but has upheld the exhaustion requirement of the PLRA. "There is no doubt that the PLRA's exhaustion requirement is mandatory." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This Court and the United States Court of Appeals for the Fourth Circuit have ruled that the PLRA's "termination of consent decrees" provision is also constitutional. *Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996).

that the Clerk enter the required final judgment at the close of the twenty-one-day period permitted for payment of the filing fee. Plaintiff's attention is directed to the important Notice on the next page.

January 11, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).