UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, | ) C/A No. 3:11-3403-TMC-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| The Federal Attorney General, | ) |
| Defendant. | ) |

This case is before the undersigned magistrate judge on remand from the District Court. In a Report and Recommendation filed in this case on January 11, 2012, the undersigned recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that he be given twenty-one days to pay the filing fee of three hundred and fifty dollars ($350) because he was struck out under the "three strikes" rule of the Prison Litigation Reform Act. On February 3, 2012, the Honorable Timothy M. Cain, United States District Judge, adopted the Report and Recommendation and gave Plaintiff twenty-one days to pay the filing fee.

In the meantime, the United States Court of Appeals for the Fourth Circuit, in applying the holding in *McLean v. United States*, 566 F.3d 391, 395 (4th Cir. 2009) (noting the dismissal of an action *without prejudice* for failure to state a claim may not count as a "strike" under the PLRA), in an unpublished case ruled that any prior dismissals without prejudice could not be counted as "strikes." *McFadden v. Mckie*, No. 11-6809, 2012 WL 375856, at *1 (4th Cir March 7, 2012). On

April 11, 2012, Judge Cain vacated his Order of February 3, 2012, and remanded the case to the undersigned United States Magistrate Judge.

In the above-captioned case, Plaintiff has brought suit against the "Federal Attorney General" (Attorney General of the United States). In the Complaint, Plaintiff alleges or contends: *(1)* Plaintiff was already in prison when the "three strikes" law came into effect; and *(2)* application of the "three strikes" law to Plaintiff violates the ex post facto clause, the Due Process clause, and the Equal Protection Clause. Plaintiff seeks a court order reinstating his right to file a law suit "UNDER THE OLD 1983 COMPLAINT FORM RULES AND LAWS[.]"

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In light of the decision of the United States Court of Appeals for the Fourth Circuit in *McFadden v. Mckie*, No. 11-6809, 2012 WL 375856, at *1 (4th Cir March 7, 2012), it appears that the strikes imposed in *Paul Leslie Cox v. Geraldine P. Miro, Warden; M. V. Bodison, Associate Warden; and Mary Miller, Lieutenant*, Civil Action No. 3:97-1941-06BC, *Paul Leslie Cox v. Geraldine P. Miro*, Civil Action No. 3:97-2177-06BC, and *Paul Leslie Cox v. Geraldine P. Miro; William D. Catoe; and L. J. Allen*, Civil Action No. 3:97-3501-06BC, can no longer be counted as strikes because the dismissals were without prejudice.

If the above cases are no longer counted as strikes, Plaintiff's civil rights suits are not barred by the "three strikes" rule.[2] Thus, Plaintiff lacks standing to challenge the "three strikes" rule. *See Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits

---

[2]The Prison Litigation Reform Act does not apply to habeas corpus cases. *Smith v. Angelone*, 111 F.3d 1126, 1129–1131 (4th Cir. 1997)

of the case are irrelevant); *Frank Krasner Enterprises, Ltd. v. Montgomery Cnty.*, 401 F.3d 230, 234–36 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing).

Moreover, insofar as Plaintiff's request for relief is concerned, this case is moot if Plaintiff no longer has any "countable" strikes. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–88 (4th Cir. 2007); *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); *cf. Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246–47 (1971). A case is moot if a litigant's interest in the outcome of the action ceases before judgment. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980); *see also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

The above-captioned case has become, in effect, a request for an advisory opinion. *FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); *see also Herb v. Pitcairn*, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[3] *Incumaa v. Ozmint*, 507 F.3d at 289 ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy.").

Finally, a decision on the constitutionality of the "three strikes" rule is not necessary for the disposition of the above-captioned case. *See, e.g., Norfolk So. Ry. Co. v. City of Alexandria*, 608

---

[3] Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032 (1983).

4

F.3d 150, 156–57 (4th Cir. 2010) (noting that "the principle of constitutional avoidance set forth in *Ashwander v. Tennessee Valley Authority* requires the federal courts to strive to avoid rendering constitutional rulings unless absolutely necessary." (*citing Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

April 23, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).